Meyer, J.
(dissenting). Respectfully I dissent. The error of the Trial Judge was in refusing to permit the psychologist to testify concerning whether defendant was suffering from extreme emotional disturbance at the time he killed his paramour, notwithstanding uncontradicted testimony that the psychologist was trained in interpreting the tests he gave defendant and in drawing conclusions from the results of the tests and had been so trained constantly since his university training.
The Trial Judge, then, did not find the particular psychologist unqualified in the sense that he was insufficiently trained. Rather his ruling was predicated on the ground, repeated several times in the course of the direct examination of the psychologist, that the witness was not a psychiatrist and that the opinions sought could only be given by a psychiatrist.*
Since section 60.55 of the Penal Law as amended, effective September 1, 1980 by chapter 548 of the Laws of 1980, removes any distinction between psychiatrists and psychologists as concerns testimony relating to a defense of lack of criminal responsibility, the error is not of moment with respect to future cases. If, however, the ruling was erroneous as a matter of the common law of evidence, defendant has been prejudiced in not being able to show in mitigation (Penal Law, §§ 125.20, 125.25) that he "acted under the influence of extreme emotional disturbance” at the time he caused his paramour’s death, and the error cannot be deemed harmless in light of the charge to the jury that it was defendant’s burden to prove the affirmative defense that he did act under such an influence at that time.
That it was, indeed, an error of law to refuse to állow a psychologist whose qualifications as a diagnostic psychologist were in no way questioned, simply because he was not trained *844 as a psychiatrist, is the holding of the very case, People v Davis (62 Cal 2d 791), quoted from in the Appellate Division memorandum (70 AD2d 885, 886) affirming defendant’s murder, second conviction. Said Mr. Justice Traynor in that case, in reversing a conviction for error of the Trial Judge in refusing to allow a clinical psychologist to testify because he had no medical training and "a psychologist, as such, would not be qualified” (62 Cal 2d, at pp 799-801):
"Dr. Worthington was excused by the court because of his lack of medical training. The court ruled that only a medical doctor is qualified to testify as an expert on the issue of sanity. Defendant contends that this ruling was erroneous.
"A witness is qualified to testify about a matter calling for an expert opinion if his peculiar skill, training, or experience enable him to form an opinion that will be useful to the jury. (Code Civ. Proc., § 1870, subd. 9; Estate of Toomes, 54 Cal. 509, 514-515; Oakes v. Chapman, 158 Cal.App.2d 78, 83-84; McCormick, Evidence, § 13.) Although the determination of the qualification of a proffered witness is ordinarily within the discretion of the trial court (People v. Busch, 56 Cal.2d 868, 878; 2 Wigmore, Evidence (3d ed.) § 561), the standards used in the exercise of this discretion, like other questions of law, are subject to review. Recent cases considering the point have held that a qualified psychologist can testify concerning a defendant’s mental condition. (Jenkins v. United States, 307 F.2d 637, 643-646; Hidden v. Mutual Life Ins. Co., 217 F.2d 818, 821; People v. Hawthorne, 293 Mich. 15, 22-26; State v. Padilla, 66 N.M. 289, 297-299; Watson v. State, 161 Tex. Crim. 5, 8; cf. Carter v. State (Okla. Crim. App.) 376 P.2d 351, 359-360. But see Dobbs v. State, 191 Ark. 236, 239-242; cf. State v. Gibson, 15 N.J. 384, 391. See generally Lassen, The Psychologist as an Expert Witness, 50 A.B.A.J. 239; Louisell, The Psychologist in Today's Legal World, 39 Minn.L.Rev. 235; Scheflen, The Psychologist as a Witness, 32 Pa.B.A.Q. 329.) Many cases have also noted the use of psychologists in criminal cases without objection or comment. (E.g., People v. Busch, supra, 56 Cal.2d, at p. 875; People v. McNichol, 100 Cal.App.2d 554, 558; United States v. Chandler, 72 F.Supp. 230, 237; see also People v. Spigno, 156 Cal.App.2d 279, 288-291.)
"The defense attempted to prove through two psychologists that defendant was suffering from a temporary functional psychosis at the time of the crime that made him legally insane. The prosecution’s psychiatric experts denied that such *845 a disability could exist. Without the psychologists, therefore, defendant could not establish an insanity defense. The alleged disability did not involve a matter of mental illness completely within the realm of a physician. A functional disorder is by definition nonorganic and without a biological cause. The trial court erred in ruling that only one with medical training could testify on the issue.”
While the courts have, as that quotation indicates, not been unanimous in allowing a psychologist to give an opinion on mental state, the present view heavily favors admissibility (see Qualification of nonmedical psychologist to testify as to mental condition or competency, Ann., 78 ALR2d 919, and later case service). That view also accords with our statement in People v Rice (159 NY 400, 410) that "if a man be in reality an expert upon any given subject belonging to the domain of medicine, his opinion may be received by the court, although he is not licensed to practice medicine,” and with the legislative recognition in CPL 730.10 (subd 8) and CPL 730.20 (subd 1) of a "certified psychologist” as an authorized "psychiatric examiner” qualified to give an opinion on whether a defendant is an "incapacitated person” and on whether he is competent to stand trial.
Defendant has been sentenced to a term of 15 years to life for second degree murder, whereas for manslaughter in the first degree, a class B felony, his maximum sentence would be 25 years, with a minimum if fixed by the court of not more than one third of the maximum. There should be a reversal and a new trial.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer dissents and votes to reverse in an opinion in which Judge Fuchsberg concurs.
Order affirmed in a memorandum.

 The Appellate Division’s statement that the psychologist was found "to be deficient in the areas which are required to give reliable opinions concerning the results of these tests in relation to defendant’s performance” (70 AD2d, at p 886) is wholly unsupported by the record if "deficient” is read to mean anything more than that the witness was not a psychiatrist.